J-S11028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER LEE CASH | : | |
| | : | |
| Appellant | : | No. 1294 WDA 2021 |

Appeal from the PCRA Order Entered September 14, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003511-2018

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MAY 13, 2022**

Appellant, Christopher Lee Cash, appeals *pro se* from the September 14, 2021 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reveals that, in February 2018, Appellant was charged with persons not to possess, use, manufacture, control, sell, or transfer firearms, firearms not to be carried without a license, resisting arrest or other law enforcement, manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance, and knowingly or intentionally possessing a controlled or counterfeit substance (2 counts).[1]  Appellant's charges stemmed from a traffic stop on February 23, 2018, of a vehicle in

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 5104, and 35 P.S. §§ 780-113(a)(30) and (a)(16) (2 counts), respectively.

which Appellant was a passenger. On September 20, 2018, the trial court appointed trial counsel for Appellant.

On December 20, 2019, prior to the resolution of his charges pending before the trial court, Appellant filed *pro se* a PCRA petition asserting, *inter alia*, that trial counsel "show[ed] little interest in [Appellant's] case" and "failed to respond to any of [Appellant's] requests" for information, and that Appellant "lack[ed] counsel[.]"[2] Appellant's *Pro Se* PCRA Petition, 12/20/19, at ¶5. In his *pro se* PCRA petition, Appellant requested, *inter alia*, the appointment of new counsel. *Id.* at ¶10. On December 26, 2019, trial counsel filed a motion to transfer bail, asserting that he "met with [Appellant] several times at the Allegheny County [j]ail to prepare for trial" and requested that Appellant's bail be transferred to "alternative housing so that [Appellant] can more actively participate in his own defense." Motion to Transfer Bail, 12/26/19, at ¶¶10-11. The trial court denied Appellant's motion to transfer bail on January 16, 2020. The trial court docket does not, however, contain an entry indicating that the trial court disposed of Appellant's *pro se* request for new counsel.

On January 17, 2020, Appellant filed an *omnibus* pre-trial motion to suppress certain evidence, which the trial court subsequently denied on January 21, 2020. On January 22, 2020, pursuant to a negotiated plea

---

[2] Since Appellant's underlying charges were unresolved and his judgment of sentence had not become final, Appellant's *pro se* PCRA petition filed on December 20, 2019 was premature. Thus, we shall treat Appellant's December 20, 2019 filing as a request for new counsel.

agreement, Appellant pleaded guilty to persons not to possess, use, manufacture, control, sell, or transfer firearms, knowingly or intentionally possessing a controlled or counterfeit substance (1 count), and resisting arrest or other law enforcement. That same day, the trial court sentenced Appellant to an aggregate sentence of two and one-half to five years' incarceration, with a recommendation for boot camp, to be followed by one year of probation.[3] Sentencing Order, 1/22/20. Appellant did not appeal his judgment of sentence and, as such, his judgment of sentence became final on February 21, 2020. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking a review"); *see also* Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed within 30 days after entry of an order from which an appeal is taken).

On April 15, 2020, Appellant filed *pro se* the instant PCRA petition. On June 11, 2020, the PCRA court appointed PCRA counsel to represent Appellant. On April 21, 2021, PCRA counsel filed a motion to withdraw, as well as a ***Turner***/***Finley*** "no-merit" letter.[4] Attached as an exhibit to PCRA counsel's

_____

[3] Pursuant to the negotiated plea agreement, the Commonwealth withdrew the remaining criminal charges upon entry of Appellant's guilty plea.

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***see also Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998).

motion to withdraw was a letter directed to Appellant stating that, upon her review of the record and the issues raised by Appellant in his *pro se* PCRA petition, counsel determined that "there are no meritorious issues that have been or could possibly be raised" and that Appellant's claims were without merit. Motion to Withdraw, 4/21/21, at Exhibit 2. The letter directed to Appellant stated that copies of the motion to withdraw and the ***Turner***/***Finley*** "no-merit" letter were enclosed. ***Id.*** PCRA counsel also advised Appellant that he could withdraw his *pro se* PCRA petition, proceed *pro se* with the petition, or retain private counsel. ***Id.***

On July 19, 2021, the PCRA court notified Appellant of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. In that notice, the PCRA court also granted PCRA counsel's motion to withdraw. The PCRA court advised Appellant, *inter alia*, that he may respond to the PCRA court's notice of intent to dismiss within 20 days. Appellant did not file a response. On September 14, 2021, the PCRA court denied Appellant's PCRA petition.

In correspondence dated September 23, 2021, and directed to the PCRA court, Appellant requested a copy of his then-current PCRA court docket sheet.[5] An entry on the PCRA court's docket sheet shows that a copy of the

---

[5] Appellant's correspondence stated as follows:

> Would you please provide me with a complete copy of my "docket entries" reflecting everything filed in my court case.

- 4 -

docket sheet was sent to the Allegheny County District Attorney's Office – Criminal Division, trial counsel, and PCRA counsel on October 7, 2021. The docket sheet does not, however, reflect that a copy of the docket sheet was forwarded to Appellant. Moreover, although Appellant's *pro se* correspondence dated September 23, 2021, is timestamped as having been received by the PCRA court on October 8, 2021, there is no corresponding entry on the docket sheet showing receipt of this correspondence by the PCRA court.

Appellant subsequently filed *pro se* a notice of appeal of the September 14, 2021 order denying his PCRA petition.[6] Appellant's notice of appeal bears a timestamp showing a filing date of October 25, 2021. This Court, upon receipt of Appellant's notice of appeal, docketed the appeal at 1294 WDA 2021. On October 25, 2021, the PCRA court entered an order stating as follows:

> ***AND NOW***, this 25th day of October, 2021, it is **ORDERED** that [Appellant's] correspondence dated October 8, 2021, will constitute a *pro se* PCRA [petition] requesting to reinstate his appellate rights *nunc pro tunc*. Said PCRA [petition] is hereby **GRANTED**, and [Appellant] is advised that he shall file a Notice

---

Appellant's *Pro Se* Correspondence, 10/8/21 (extraneous capitalization omitted).

[6] Although Appellant captioned his *pro se* filing as a "Petition for Allowance of Appeal from the order of [the] Common Plea Court of Pennsylvania, Allegheny County," a review of this filing demonstrates that it was, in fact, a notice of appeal and that Appellant was appealing from the September 14, 2021 order denying his PCRA petition.

of Appeal within thirty (30) days of the date of this Order. [Appellant] is granted leave to proceed *in forma pauperis* on any appeal.

PCRA Court Order, 10/25/21. Appellant did not file a subsequent notice of appeal.

Regarding his October 25, 2021 notice of appeal, the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, the PCRA court filed a Rule 1925(a) opinion on December 1, 2021, stating that it relied on the reasons set forth in its Rule 907 notice to support its order denying Appellant's PCRA petition.

Preliminarily, we must determine whether Appellant filed a timely appeal, as the timeliness of an appeal implicates this Court's jurisdiction. ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (stating that, it is well-settled that jurisdiction is vested in this Court upon the filing of a timely notice of appeal, and the timeliness of an appeal may be considered *sua sponte*); ***see also*** Pa.R.A.P. 903(a) (stating that, in general, a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken).

A review of the record demonstrates that, on September 14, 2021, the PCRA court denied Appellant's petition and granted PCRA counsel's motion to withdraw as Appellant's counsel. PCRA Court Order, 9/14/21. Pursuant to the "prisoner mailbox rule," Appellant filed his *pro se* notice of appeal on October 22, 2021, as indicated by the postmark on the envelope used to

submit the same.[7]  To reiterate, a notice of appeal must be filed within 30 days of the entry of the order from which the appeal was taken.  Pa.R.A.P. 903(a).  As such, Appellant's notice of appeal needed to be filed on or before October 14, 2021.  Therefore, Appellant's notice of appeal filed on October 22, 2021 appears, ostensibly, as untimely.

The PCRA court docket, however, indicates that, although the September 14, 2021 order **related to Appellant's PCRA petition** and **permitted PCRA counsel to withdraw** from representing Appellant, service of the September 14, 2021 order was provided **only** to Appellant's trial counsel and Appellant's now-former PCRA counsel, as well as the district attorney's office.  There is no indication on the docket that service was provided to Appellant, who, at this point, was unrepresented and acting *pro se* by virtue of the PCRA court's earlier order granting PCRA counsel's motion to withdraw.[8]

_____

[7] The "prisoner mailbox rule" provides that, "a *pro se* prisoner's appeal shall be deemed to be filed on the date that he[, or she,] delivers the appeal to prison authorities [or] places his[, or her,] notice of appeal in the institutional mailbox." **Commonwealth v. Chambers**, 35 A.3d 34, 39 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012).  In the case *sub judice*, the postmark on the envelope constitutes proof of the date Appellant placed the notice of appeal in the institutional mailbox.

[8] We recognize that the PCRA court made a notation indicating Appellant's prison mailing address on the bottom of the September 14, 2021 order denying his PCRA petition.  The PCRA court docket, however, does not indicate that service of this order was provided to Appellant at the mailing address so provided.

Pennsylvania Rule of Criminal Procedure 114(B)(1) requires the clerk of courts to serve promptly a copy of any trial court order or notice on each party's attorney-of-record or the party if unrepresented.[9]   Pa.R.Crim.P. 114(B)(1).  To memorialize that proper service of a trial court order or notice was provided, Rule 114(C)(2)(c) requires the clerk of courts to note, *via* a docket entry, the date of service of such trial court order or notice.[10] Pa.R.Crim.P. 114(C)(2)(c).  It is well-settled that the appeal period only begins to run on the date the clerk of courts mails or delivers a copy of the trial court order or notice to the parties.  Pa.R.A.P. 108(a)(1), (d), and *Note* (stating, the purpose of this rule is to fix that date from which the time for appeal shall be computed); *see also Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa. Super. 2015) (stating that, the "appeal period only begins running on the date the [clerk of courts] mails or delivers copies of the orders to the parties" (original quotation marks omitted)), *appeal denied*, 195 A.3d 561 (Pa. 2018); *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000).

Because the PCRA court docket does not contain the entry information prescribed by Rule 114, we are unable to discern the date upon which the

---

[9] In most instances, the clerk of courts is tasked with serving a copy of the trial court order or notice on the party's attorney or the *pro se* party unless otherwise prescribed by local rule.  Pa.R.Crim.P. 114(B)(2).

[10] The docket entry must also contain, at a minimum, a notation of the date of receipt in the clerk of courts' office of the trial court order or notice and the date appearing on the trial court order or notice.  Pa.R.Crim.P. 114(C)(2)(a) and (b).

clerk of courts served Appellant with a copy of the September 14, 2021 dismissal order. A breakdown in the judicial system occurs if the clerk of courts fails to note on the docket the date upon which a trial court order or notice has been served upon a party. *Jerman*, 762 A.2d at 368 (finding a breakdown in the judicial system and deeming the appeal timely when the clerk of courts failed to serve a copy of an order on the party). As a result of this breakdown, the period in which Appellant may file a notice of appeal has not begun to run. Therefore, we deem Appellant's *pro se* notice of appeal to be timely filed on October 22, 2021.[11] *Id.*

Turning now to the merits of the underlying appeal, a review of Appellant's *pro se* brief demonstrates that he raises a claim of ineffective assistance of trial counsel.[12] Appellant's Third Amended Brief, 3/25/22, at 1-3.

---

[11] It may be inferred that, despite the breakdown in the judicial system, Appellant received a copy of the September 14, 2021 order at some point thereafter because he attached a copy of said order to his October 22, 2021 notice of appeal. Nevertheless, we are unable to determine from the record when the clerk of courts mailed the September 14, 2021 order to Appellant and, thereby, triggered the commencement of the appeal period.

[12] On March 15, 2022, Appellant filed *pro se* an application with this Court to amend his original appellate brief. Appellant attached a copy of the proposed second amended brief thereto. On March 25, 2022, Appellate filed *pro se* a second application with this Court to amend his appellate brief and attached a copy of the proposed third amended appellate brief thereto. We grant Appellant's March 25, 2022 application to file an amended appellate brief and deny his March 15, 2022 application to file an amended appellate brief as moot. In addressing the merits of Appellant's appeal, we shall rely on his third amended appellate brief provided to this Court on March 25, 2022.

In addressing Appellant's issue, we are mindful of our well-settled standard and scope of review of a PCRA court's dismissal of a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

In order to plead and prove a claim of ineffective assistance of counsel, "a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). "Counsel is presumed to have rendered

- 10 -

effective assistance[.]" ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013). "Central to the question of whether [a] defendant's plea was entered voluntarily and knowingly is the fact that the defendant knows and understands the nature of the offenses charged in as plain a fashion as possible." ***Id.***

Here, a review of Appellant's *pro se* brief reveals that he raises a claim that trial counsel's ineffectiveness caused him to plead guilty. Appellant's Third Amended Brief, 3/25/22, at 2-3, ¶4 (asserting that, he believed he had no other choice but to plead guilty because "he knew [he would be] going to trial without proper representation[, which] would lead to [his being found guilty]"). Specifically, Appellant asserts, *inter alia*, that trial counsel (1) failed to disclose his relationship to the then-current Allegheny County sheriff prior to Appellant entering his guilty plea;[13] (2) failed to request, prior to

---

[13] Appellant alleges that the then-Sherriff of Allegheny County supervised the sheriff's deputy involved in the traffic stop which led to the filing of criminal charges against Appellant. Appellant's Third Amended Brief, 3/25/22, at 2 (stating, "Appellant and [trial counsel] engage[d] in defense strategy without knowing the fact [that trial counsel] is related to the sheriff"); ***see also id.*** at

- 11 -

sentencing, that the trial court impose a sentence so that it would run concurrently with any sentence that may later be imposed, in a separate proceeding, as a result of Appellant being found in violation of his parole, which was triggered, Appellant contends, upon his pleading guilty in the instance case; and (3) failed to challenge the credibility of the sheriff's deputy who testified at a suppression hearing as to his basis for bringing the aforementioned charges against Appellant. *Id.* at 2-3.

> In denying Appellant's PCRA petition, the PCRA court stated,
>
> [Appellant] clearly understood the crimes to which he [pleaded] guilty as evidenced from his answers to his plea colloquy and further acknowledged on the record that he understood and accepted the terms of the plea agreement, had committed said crimes, had ample opportunity to consult with counsel prior to entering the plea, that no promises had been made to him to enter the plea, was satisfied with counsel's representation, and was entering the plea voluntarily and of his own free will. A petitioner is bound by the statements made under oath at the time of his plea in open court and may not subsequently contradict them as grounds to withdraw his plea. *See Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). There is simply no evidence to support that trial counsel coerced him into taking the plea in light of [Appellant's] averments during the plea and answers to his plea colloquy.

PCRA Court Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, 7/19/21, at 2 (unpaginated; record citations and footnote omitted).

_____

3 (stating, "[trial counsel's] only [intentions] were to protect [the sheriff's deputy] not the rights of Appellant in the court of law").

The record reveals that, prior to accepting Appellant's guilty plea, the trial court inquired of Appellant as follows:

[Trial Court]: There has been some discussion before in the aftermath of the suppression hearing that the [trial] court would consider an aggregate sentence of two and [one-]half to five years['] incarceration] and a period of probation to follow; correct?

[Commonwealth]: My understanding, Your Honor, yes.

[Trial Court]: And a recommendation for boot camp?

[Trial counsel]: That is correct.

[Trial Court]: [Appellant], are you clear headed today?

[Appellant]: Say that again.

[Trial Court]: Are you clear headed today?

[Appellant]: Yes.

[Trial Court]: Have you had enough time to speak with your attorney about the elements of each crime of which you are pleading guilty, and the maximum penalties allowed by the law, and your right to have a trial?

[Appellant]: Yes.

[Trial Court]: Are you satisfied with his representation?

[Appellant]: Yes.

[Trial Court]: Other than what's been stated in open court by the [Commonwealth, trial counsel], and myself, other than that, has anyone threatened or promised you anything or forced you to plead guilty?

[Appellant]: No, sir.

[Trial Court]: I have in front of me, sir, a guilty plea colloquy, it bears your signature as well as

- 13 -

that of your attorney, did you read and understand each question?

[Appellant]: Yes.

[Trial Court]: Did you answer each question honestly?

[Appellant]: Yes.

[Trial Court]: Was your attorney available in the event you had any questions about this document or any matter related to this case?

[Appellant]: Yes.

[Trial Court]: [Trial counsel], based on your experience in the contacts with [Appellant], do you believe he understands the elements of the crimes, the maximum penalties allowed by law, and he's otherwise making a knowing, intelligent, and a voluntary decision to plead guilty?

[Trial counsel]: Yes, I do, Your Honor.

[Trial Court]: Will the plea violate any then[-]existing probation or parole?

[Trial counsel]: [Appellant] did inform me that at the time he believes he was on parole with a few days left.

[Trial Court]: Okay. Have you explained the consequences, and do you believe he understands them?

[Trial counsel]: I did, and I believe he does.

[Trial Court]: Is that accurate, sir?

[Appellant]: What?

[Trial counsel]: That we've discussed -

[Appellant]: Yes.

[Trial Court]: With the agreement of all parties, we will incorporate the testimony from the suppression hearing as the factual basis for the plea. [Trial counsel] stipulated to the

- 14 -

crime lab [report] as to the possession of the heroin that was recovered was, in fact, heroin and that [Appellant] was a person not to possess by virtue of his history; correct?

[Trial counsel]: Correct.

[Trial Court]: Sir, are you pleading guilty to those three charges because you are in fact guilty?

[Appellant]: Yes.

[Trial Court]: The [trial] court will accept the plea.

N.T., 1/22/20, at 4-7 (extraneous capitalization omitted).

Upon review, we concur with, and the record supports, the PCRA court's determination that Appellant entered his guilty plea knowingly, intelligently, and voluntarily and, therefore, his underlying claim of ineffective assistance of trial counsel was without merit.[14] Appellant was aware of, and agreed with,

_____

[14] The official comment to Pennsylvania Rule of Criminal Procedure 590 states that, prior to accepting a guilty plea,

[a]t a minimum the [trial court] should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

the factual circumstances, as understood from the testimony offered at the suppression hearing, that led to the criminal charges filed against him. *See* N.T., 1/21/20, at 4-17. Appellant admitted that he was guilty of the crimes to which he was pleading guilty. Appellant further stated, *inter alia*, that he was satisfied with trial counsel's representation, that he understood the maximum possible sentence that could be imposed if he were found guilty by a jury, that he had the right to a trial-by-jury, and that pleading guilty in the instant matter may lead to collateral consequences concerning his then-current parole situation.[15] Although Appellant alleges that trial counsel was related to the then-sheriff for Allegheny County and that trial counsel failed to disclose this fact to Appellant prior to his pleading guilty, a review of Appellant's brief demonstrates that he failed to prove the veracity of this

_____

> (6) Is the defendant aware that the [trial court] is not bound by the terms of any plea agreement tendered unless the [trial court] accepts such agreement?
>
> (7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590 at Comment.

[15] Pursuant to the Pennsylvania Sentencing Code, a parolee is required to serve his or her backtime sentence re-imposed as part of a parole violation and then serve his or her newly imposed sentence **in consecutive order** regardless of any arrangements agreed upon as part of a guilty plea agreement. *See* 63 Pa.C.S.A. § 6138(a)(5)(i-iii); *see also Commonwealth v. Kelley*, 136 A.3d 1007, 1013-1014 (Pa. Super. 2016) (stating, "[i]mposition of a new state sentence concurrent with parolee's backtime on the original state sentence is an illegal sentence under [the Sentencing Code]" (citation omitted)).

familial relationship, much less explain how learning of this information left him with no choice but to plead guilty. As such, Appellant failed to plead and prove by a preponderance of the evidence a meritorious claim for ineffective assistance of trial counsel. *See Stewart*, 84 A.3d at 706; *see also Barndt*, 74 A.3d at 192.

Order affirmed. Application to file third amended brief granted. Application to file second amended brief denied as moot.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2022